[Cite as *State v. Dufner*, 2014-Ohio-2093.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :               C.A. CASE NO.    2013 CA 65

v.                                               :               T.C. NO.    12 CR 453B

WILLIAM G. DUFNER, JR.                           :               (Criminal appeal from
                                                                 Common Pleas Court)

    Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____16th_____ day of _____May_____,
2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County
Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, 8 S. 3rd Street, Tipp City, Ohio 45371
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   William G. Dufner, Jr. appeals from a judgment of the Clark County

Court of Common Pleas, which revoked his community control and sentenced him to 12 months in prison, to be served consecutively to an aggregate 3½-year prison term imposed in four other cases. For the following reasons, the trial court's judgment will be affirmed.

**{¶ 2}** In July 2012, Dufner was charged with two counts of theft, a felony of the fifth degree. Dufner subsequently pled guilty to one count of theft (Count Two). In exchange for the plea, the State agreed to dismiss Count One, that a presentence investigation would be requested, to recommend community control at sentencing, to permit Dufner to be released pending sentencing, and that Dufner would pay $1,688.02 in restitution. The trial court sentenced Dufner to three years of community control, with conditions that he abide by all probation department regulations, serve 60 days in jail (subject to work release or on electronic monitoring), and complete 80 hours of community service. Dufner was ordered to pay $1,688.02 in restitution, court costs, appointed counsel costs and any permitted supervision fees. The trial court's judgment entry stated: "Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of twelve months."

**{¶ 3}** On April 16, 2013, Daniel Evans, a Clark County probation officer, filed a notice with the trial court that Dufner had violated his community control sanctions in three ways: (1) failing to report, (2) failing to pay restitution and costs as ordered, and (3) being indicted on February 21, 2013 for receiving stolen property. Evans stated that these actions violated rules one, 12B, 12D, and 12G of the probation department's regulations. Evans requested an order that a capias be issued for Dufner's arrest and that he be required to show cause why community control should not be terminated. The same day, the trial court

issued such an order. Dufner was arrested on April 22, 2013.

{¶ 4}   On May 17, 2013, Dufner appeared with counsel, entered a denial of the allegations, waived a probable cause hearing, and requested a hearing on the merits. A hearing was scheduled for June 18, 2013. At that time, Dufner admitted that he had failed to report to his probation officer and failed to fully pay the restitution as ordered. On July 15, 2013, the trial court revoked Dufner's community control and sentenced him to serve 12 months in prison, to be served consecutively to the sentences in four other cases. The court also imposed the remaining restitution and supervision fee balances.

{¶ 5}   Dufner appeals from the revocation of his community control. His sole assignment of error claims that he was denied the effective assistance of counsel "when the latter failed to present evidence of exigent circumstances or other defenses for the defendant's alleged probation violation."

{¶ 6}   To reverse a conviction based on ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.

{¶ 7}   Dufner asserts that he was not advised that he could "argue against the additional one-year sentence" and "nowhere in the record was there indications that the

Defendant was given counsel as to his opportunity to have a hearing on the evidence supporting the probation violation itself." The record belies these claims.

{¶ 8}     The trial court scheduled a hearing on the merits of the alleged community control violations for June 18, 2013. When the trial court inquired whether the State was prepared to call its first witness, Dufner's counsel informed the court that he "may be able to save the Court some time. * * * I believe he [Dufner] may be willing to forego this hearing." The trial court granted counsel "as long as he wanted" to discuss the issue with Dufner. After discussing the matter with his client, Dufner's attorney told the court that Dufner was prepared to acknowledge his failure to report and to fully pay restitution. (The trial court had indicated that Dufner's indictment in another case was not a violation.)

{¶ 9}     The trial court then proceeded to determine whether Dufner's admission to the community control violations was knowing, intelligent, and voluntary. As part of that inquiry, Dufner stated that he had discussed the matter with his attorney, that he was satisfied with his counsel's advice and representation, that he understood that, if he were found in violation of his community control, the program could be terminated and a 12-month prison sentence could be imposed, and that he was waiving his right to a hearing on the merits. The trial court found Dufner's admissions to be knowing, intelligent, and voluntary. Based on the record, we find no support for Dufner's claim that his counsel was deficient for failing to advise him of his opportunity to have a hearing on the evidence supporting the community control violations.

{¶ 10}   Dufner also claims that he was not informed by his attorney that he could "argue against" the 12-month sentence. Before the June 18 hearing concluded, defense

counsel informed the court that Dufner had four other matters pending before the common pleas court, and counsel suggested that disposition of the community control violations be addressed at the same time as the other matters. The court responded that the disposition of the community control violations should not be included in any of the plea negotiations on the other matters. Dufner's counsel responded, "I understand and I believe Mr. Dufner understands that he is subject to the 12-month imposition that was originally imposed in this particular case."

{¶ 11}   On July 15, 2013, Dufner entered guilty pleas in the four other cases, and the court imposed an agreed aggregate sentence of 3½ years on those felony charges. At the same hearing, the court revoked Dufner's community control and sentenced him to 12 months in prison, to be served consecutively to the agreed sentence.[1] The court also required Dufner to pay his remaining balance of $1,4822.02 in restitution and $175 for the unpaid supervision fees.

{¶ 12}   At the beginning of the July 15 hearing, the trial court was clear that the hearing concerned the four felony cases as well as disposition on the community control violation in this case. The court addressed the pleas and sentences for the felony cases first and then sentenced Dufner on the community control violations. The court asked Dufner's attorney if he had anything more that he wished to put on the record. Counsel responded

---

[1] In Case No. 13-CR-91, Dufner pled guilty to receiving stolen property, and he was sentenced to one year in prison plus $300 in restitution; an additional charge was dismissed. In Case No. 13-CR-306, Dufner pled guilty to receiving stolen property and was sentenced to six months in prison. In Case No. 13-CR-341, Dufner pled guilty to domestic violence, and he received one year in prison; two other charges were dismissed. In Case No. 13-CR-362, Dufner pled guilty to an amended charge of aggravated assault, and he was sentenced to one year in prison. The court ordered the prison sentences to be served consecutively, for a total of 3½ years.

that he did not. The court then asked Dufner if he had anything to say prior to sentencing on the community control violations; Dufner declined. The court found that Dufner was no longer amenable to community control sanctions and imposed the 12-month prison term. Based on the record, we cannot find that Dufner's counsel's actions were deficient. Considering Dufner's guilty pleas and sentences in the four felony cases also before the court – all of which were based on conduct that occurred while Dufner was on community control in this case – we also cannot conclude that the outcome of Dufner's sentencing would have been different had counsel or Dufner argued against the revocation of his community control.

{¶ 13} The assignment of error is overruled.

{¶ 14} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Lisa M. Fannin
Mark J. Bamberger
Hon. Richard J. O'Neill